UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHAN SPENCER,<br><br>            Petitioner,<br>v.<br><br>R. WONG, Warden,<br><br>            Respondent. | Civil No. 06cv1546-WQH(NLS)<br><br>**ORDER RE: MOTION REQUESTING PRO PER STATUS WITHIN COUNTY JAIL & MOTION REQUESTING DOCKET LISTING DUE TO NO REPLY BY RESPONDENT**<br><br>[Doc. Nos. 37 & 39] |

On July 31, 2006, Petitioner Nathan Spencer ("Petitioner"), a state prisoner proceeding *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 regarding the revocation of his parole and subsequent return to custody.  Currently before the Court is Petitioner's Motion Requesting Pro per Status Within County Jail and Declaration in support [Doc. No. 37].  Petitioner requests a transfer from George Bailey Detention Center in San Diego, California, where he is currently incarcerated, to Central County Jail in San Diego, California, where he was previously housed. Petitioner argues that the transfer is necessary to ensure that he has increased access to a prison law library and assistance typing his legal papers.  (*Petitioner's Motion*, 2.)  This is Petitioner's second request that the Court arrange for his transfer to Central County Jail.  His first request was based on substantially similar reasons.  (*See Petitioner's March 12, 2007 Motion*, Doc. No. 33.)

Petitioner states in his motion that the "limited library access" at George Bailey is "in fact injurious to Petitioner's ability to adequately prosecute petition and in a timely fashion." (*Petitioner's Motion*, 2.)  Petitioner then goes on to detail how inmates at Central County Jail receive additional

assistance with typing and filing legal papers, and that inmates at George Bailey do not have legal paper or pens.  Petitioner states that these factors have "crippled Petitioner's due diligence in fighting this case," and cites the seminal Supreme Court decision regarding inmates' access to courts, *Lewis v. Casey*, 518 U.S. 343 (1996).  (*Id.*)

Inmates have a constitutional right of access to the courts.  *Bounds v. Smith*, 430 U.S. 817, 97 (1977).  The Supreme Court has held that "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons who are trained in the law."  *Id*. at 828.  In *Lewis v. Casey*, 518 U.S. 343 (1996), the Supreme Court clarified and delimited the scope of the right.  To state a claim for interference with the right of access to the courts, an inmate must establish that inadequate facilities or interfering regulations have actually frustrated or impeded a non-frivolous (1) criminal trial or appeal, (2) habeas proceeding, or (3) section 1983 case challenging the condition of his confinement.  *Lewis*, 518 U.S. at 355; *Sands v. Lewis*, 886 F.2d 1166, 1171 (9th Cir. 1989).

Here, Plaintiff has failed to provide any evidence that he has been denied the access to the courts guaranteed by *Bounds* and *Lewis*.  Petitioner does not allege or establish a casual link between his reduced access to the law library and any actual injury, such as an inability to prosecute his petition adequately or in a timely fashion, as he must do pursuant to *Lewis v. Casey*, 518 U.S. 343, 351 (1996).  Petitioner does not require assistance typing his legal papers in order to proceed with the litigation of his case, as this Court allows the filing of handwritten legal documents by *pro se* litigants that otherwise comport with the requirements for filing under the Local Rules of the Court.  Petitioner has filed several motions in proper pleading form since his transfer to George Bailey.  Accordingly, the Court **DENIES** Petitioner's Motion Requesting Pro Per Status Within County Jail [Doc. No. 37].

Also before the Court is Petitioner's "Motion Requesting Docket Listing Due to No Reply By Respondent and 42 U.S.C. 1983 Civil Rights Rules of Court and Declaration" [Doc. No. 39].  In this motion, Petitioner requests a docket history of this case as well as a copy of the Court's Local Rules.  (*Petitioner's Motion*, 1.)  With respect to this request, the Clerk of this Court sent Petitioner a copy of the current docket sheet and Local Rules via U.S. Mail on May 23, 2007.  However, the Court notes that

the request appears based on Petitioner's mistaken belief that Respondent to date has not filed a responsive pleading in this matter. Petitioner does not seem aware of the fact that Respondent filed a Motion to Dismiss the Petition on March 29, 2007 [Doc. No. 34]. As the Court advised Petitioner in its February 13, 2007 Order Requiring a Response to the Petition [Doc. No. 31], Respondent had the option of filing a motion to dismiss in lieu of filing an Answer to the Petition. A motion to dismiss the petition does not address the merits of Petitioner's claims, but rather addresses all grounds upon which Respondent contends dismissal of the petition without reaching the merits of Petitioner's claims is warranted. Respondent exercised the option to file a motion to dismiss, and therefore Petitioner had until April 30, 2007 to file his opposition, if any. Petitioner has not filed an Opposition, which the Court presumes is due to Petitioner's misunderstanding of the current procedural posture of this case.

Accordingly, **IT IS HEREBY ORDERED THAT**:

1. The Clerk of this Court shall promptly (a) serve a copy of Respondent's Motion to Dismiss [Doc. No. 34] and (b) a copy of this Order on Petitioner;

2. Petitioner shall file his Opposition, if any, to the motion to dismiss no later than ***June 29, 2007***. At the time the opposition is filed, Petitioner shall lodge with the Court any records not lodged by Respondent which Petitioner believes may be relevant to the Court's determination of the motion;

3. Unless the Court orders otherwise, Respondent shall not file a reply to Petitioner's opposition to a motion to dismiss. If the motion is denied, the Court will afford Respondent adequate time to respond to Petitioner's claims on the merits.

**IT IS SO ORDERED**.

DATED: May 29, 2007

*[signature]*

Hon. Nita L. Stormes
U.S. Magistrate Judge
United States District Court