1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                  SOUTHERN DISTRICT OF CALIFORNIA

10

11   NATHAN SPENCER,                    )   Civil No. 06cv1546-WQH(NLS)
                                        )
                       Petitioner,      )   **REPORT & RECOMMENDATION OF**
12   v.                                 )   **U.S. MAGISTRATE JUDGE RE:**
                                        )   **RESPONDENT'S MOTION TO**
13   R. WONG, Warden,                   )   **DISMISS PETITION FOR HABEAS**
                                        )   **CORPUS**
14                     Respondent.      )
     _____)   [Doc. No. 34]
15

16          On July 31, 2006, Petitioner Nathan Spencer ("Petitioner"), a state prisoner proceeding *pro se*,

17   filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the constitutionality

18   of a November 2005 parole revocation hearing and his subsequent return to custody.  Respondent filed a

19   Motion to Dismiss [Doc. No. 34], arguing that the petition should be dismissed because Petitioner has

20   served his entire parole revocation term, thus rendering his claims with respect to the challenged

21   revocation hearing moot.  Petitioner filed an opposition [Doc. No. 43].  Having reviewed the pleadings

22   and all supporting documents, the Court **RECOMMENDS** that Respondent's motion be **GRANTED**

23   and the petition be **DISMISSED** as **MOOT**.

24                                    BACKGROUND

25          On November 29, 2005, subsequent to a parole revocation hearing, Petitioner's parole was

26   revoked and he was remanded to the custody of the California Department of Corrections for a period of

27   ten months.  (*Petition*, 1-2; *Defendant's Motion*, Ex. 1, p.3.)  On July 31, 2006, Petitioner filed the

28   instant petition challenging the constitutionality of his revocation hearing.  (*Petition*, 7-8.)  Specifically,

1  Petitioner argues that the proceeding violated his Sixth amendment confrontation rights and Fourteenth

2  amendment due process rights because certain witnesses were not subpoenaed to testify at the hearing

3  and injurious documentary evidence was admitted without being authenticated properly.  (*Id*.)

4  Petitioner paroled on August 28, 2006, twenty-eight days after he filed his federal petition.  (*Petition* at

5  2.)  After several subsequent parole revocations, Petitioner is once again incarcerated at George Bailey

6  Detention Center in San Diego County, California [Doc. No. 28].

7       Respondent has filed a Motion to Dismiss the petition on the ground that Petitioner has served

8  the entire parole revocation term he challenges, thus rendering his claims moot.  (*Respondent's Motion*,

9  2.)  Petitioner filed an opposition to the motion, arguing that his claims are not moot because he filed the

10  petition while in custody, and because he continues to suffer "collateral consequences" as a result of the

11  unconstitutional parole revocation.  (*Petitioner's Opposition*, 4.)

12                                    **D**ISCUSSION

13       Respondent's motion to dismiss raises a threshold question of jurisdiction.  The Court must

14  determine whether the issues raised in the instant petition present an actual "case or controversy" upon

15  which it may grant relief.  *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Jackson v. California Dept. of*

16  *Mental Health*, 399 F.3d 1069, 1071, *amended by Jackson v. California Dept. of Mental Health*, 417

17  F.3d 1029 (9th Cir. 2005).  The case or controversy provision of Article III, Section 2 of the

18  Constitution "subsists through all stages of federal judicial proceedings, trial and appellate...the parties

19  must continue to have a 'personal stake in the outcome' of the lawsuit."  *Spencer*, 523 U.S. at 7 (1998)

20  (*quoting Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-478 (1955)).  This means that, throughout

21  the litigation, petitioner "must have suffered, or be threatened with, an actual injury traceable to the

22  defendant and likely to be redressed by a favorable judicial decision."  *Id*.  (*quoting Lewis*, 494 U.S. at

23  477).  Whether a case fails to meet the case-or-controversy requirements of Article III, and is thus moot,

24  is a question of federal law upon which the federal court "must pronounce final judgment."  *Liner v.*

25  *Jafco*, 375 U.S. 301, 304 (1964) (*citing Love v. Griffith*, 266 U.S. 32 (1924)).

26       In *Spencer v. Kemna, supra*, the Supreme Court considered the issue of whether a case or

27  controversy continues to exists after a prisoner has been released from custody.  In that case, petitioner

28  challenged his re-incarceration for a parole violation.  While the habeas action was still pending,

1    petitioner completed his term of imprisonment on the parole violation and was released from custody.

2    The Supreme Court held that the petitioner's habeas action was rendered moot by his release because of

3    the lack of a continuing injury or "collateral consequence." *Spencer*, 523 U.S. at 7.  Unlike criminal

4    convictions which entail adverse collateral consequences, the court refused to extend the presumption of

5    collateral consequences to parole revocations. *Id.* at 8.  Thus, the Supreme Court rejected petitioner's

6    arguments that his action was not moot because the parole revocation could be used to his detriment at

7    future parole proceedings, to increase his sentence in a future sentencing proceedings, and to impeach

8    him as a witness in future criminal proceedings or litigation. *Id.* at 14-16.  It was reiterated that

9    mootness deprives the court of the power to act because under such circumstances there is simply

10   nothing for the court to remedy even if it were disposed to do so. *Id.* at 18.

11           In the habeas petition currently before the Court, Petitioner challenges the constitutionality of the

12   November 2005 revocation hearing and the resulting ten month term of incarceration.  (*Petition*, 7-8.)

13   Because he paroled on August 28, 2006, the Court is no longer able to provide habeas relief because

14   Petitioner has completed the term of incarceration imposed for the parole violation.  The Court notes

15   that subsequent to the Supreme Court's holding in *Spencer* the Ninth Circuit determined that a petitioner

16   challenging a parole revocation or release date deferral has his federal habeas petition rendered moot

17   when he is released on parole regardless of whether he is returned to custody on a parole violation.

18   *Burnett v. Lampert*, 432 F.3d 996,  999-1001 (2005); *see also Cox v. McCarthy*, 829 F.2d 800, 803 (9th

19   Cir. 1987) (claim moot because petitioner cannot be released from term imposed for violating parole

20   that he has already served).  Here, Petitioner's November 2005 parole revocation hearing resulted in a

21   ten month term of incarceration.  (*Defendant's Motion*, Ex. 1, 3.)  Petitioner paroled on August 28,

22   2006.  (*Id.*)  Shortly thereafter, Petitioner's parole was revoked again and Petitioner appears to have

23   been in and out of custody on subsequent parole violations since.  (*Id.* at 1-3.)  The Court notes that in

24   his opposition, Petitioner attempts to demonstrate that continuing collateral consequences exist despite

25   the fact that his underlying sentence has expired.  (*Petitioner's Opposition*, 4.)  However, Petitioner's

26   claim of a "strained" relationship with his family, while an unfortunate personal consequence of his

27   parole revocation, simply does not qualify as a legally recognized "collateral consequence" that would

28   defeat a mootness determination in this instance.  *See Spencer*, 523 U.S. at 14-16.

1    Where, as here, a petitioner does not challenge the validity of his conviction, the petition

2  becomes moot when petitioner is released from custody.  The Court notes that other cases within this

3  circuit have applied the mootness doctrine where the term for parole revocation has been completed.

4  *See e.g., Fendler v. U.S. Bureau of Prisons*, 846 F.2d 550, 555 (9th Cir. 1988) (finding that release of

5  petitioner on parole mooted his petition seeking earlier release date on the grounds that Parole

6  Commission had improperly delayed his release); *Brady v. United States Parole Comm.*, 600 F.2d 234,

7  236 (9th Cir. 1979) (same).  Mootness deprives this court of its power to act, however it came to exist.

8  *See Spencer*, 523 U.S. at 18.  Therefore, the Court **RECOMMENDS** that the petition be **DISMISSED**

9  **AS MOOT**.

10                                    C̲O̲N̲C̲L̲U̲S̲I̲O̲N̲

11    Based on the foregoing, the undersigned Magistrate Judge **RECOMMENDS** that Respondent's

12  Motion to Dismiss [Doc. No. 34] be **GRANTED** and the petition be **DISMISSED AS MOOT**.  This

13  Report and Recommendation is submitted by the undersigned Magistrate Judge to the United States

14  District Judge assigned to this case, pursuant to the provisions of Title 28, United States Code, section

15  636(b)(1).

16    **IT IS ORDERED** that no later than ***August 10, 2007***, any party to this action may file written

17  objections with the Court and serve a copy on all parties.  The document should be captioned

18  "Objections to Report and Recommendation."

19    **IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and

20  served on all parties no later than ***August 17, 2007***.  The parties are advised that failure to file

21  objections within the specified time may waive the right to raise those objections on appeal of the

22  Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

23    **IT IS SO ORDERED**.

24  DATED:  July 12, 2007

25

26                                    Hon. Nita L. Stormes
                                       U.S. Magistrate Judge
27

28

4                                                                                    06cv1546-WQH(NLS)