UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHAN SPENCER,<br><br>                    Petitioner,<br>vs.<br><br>R. WONG, Warden,<br><br>                    Respondent. | CASE NO. 06CV1546 WQH (NLS)<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AS MOOT** |

HAYES, Judge:

　　Pending before the Court is the Report and Recommendation of Magistrate Judge Nita L. Stormes, filed on July 12, 2007, recommending that the Court grant Respondent's motion to dismiss (Doc. # 34) Petitioner's Petition for Writ of Habeas Corpus (Doc. # 1).

**BACKGROUND**

　　On November 29, 2005, the State of California revoked Petitioner's parole and remanded Petitioner to the custody of the California Department of Corrections for a term of ten months. (Doc. # 1 at 1-2; Doc. # 34 at Ex. 1, p. 3). On July 31, 2006, Petitioner filed the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his parole revocation hearing on multiple grounds.

　　On July 17, 2007, Magistrate Judge Stormes issued a Report and Recommendation (Doc. # 44), recommending that the District Court grant Respondent's motion to dismiss the Petition. (Doc. # 44 at 4). The Report and Recommendation concluded that the Court could no longer

provide habeas relief because Petitioner was paroled on August 28, 2006, and had thus completed the entire term of incarceration imposed for the challenged parole revocation.  (Doc. # 44 at 3).  The Report and Recommendation further concluded that Petitioner failed to allege legally cognizable "collateral consequences" which would entitle Petitioner to an exception to the mootness doctrine.  (Doc. #44 at 3.)

On August 9, 2007, Petitioner filed Objections (Doc. # 46) to the Report and Recommendation, contending that the Magistrate Judge improperly relied on *Spencer v. Kemna*, 523 U.S. 1 (1998), in recommending dismissal of Petitioner's Petition.  (Doc. # 46 at 1-2).  Petitioner notes that the parolee in *Spencer* had completed his entire term of imprisonment, including the parole period, at the time that the Supreme Court found the parolee's petition moot.  Petitioner concludes that because he has not yet completed his entire term of imprisonment for the underlying offense, his Petition is not moot.  Petitioner contends that he is suffering "collateral consequences" sufficient to overcome the Magistrate Judge's mootness determination because he is restricted from contacting certain family members and is currently taking medications for depression.  Finally, Petitioner contends that he is entitled to the "capable of repetition, yet evading review" exception to the mootness doctrine.

## STANDARD OF REVIEW

The duties of the district court in connection with the Report and Recommendation of a Magistrate Judge are set forth in FED. R. CIV. P. 72(b) and 28 U.S.C. § 636(b).  The District Judge "must make a de novo determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate."  28 U.S.C. § 636(b).

## DISCUSSION

Petitioner's Habeas Petition challenges Petitioner's November 2005 parole revocation hearing which resulted in Petitioner's ten-month incarceration for a parole violation.  Respondent moved to dismiss the Petition on the grounds that Petitioner was paroled on August 28, 2006, and had therefore completed the term of incarceration imposed for the challenged parole revocation.  Respondent contends that Petitioner's August 28, 2006, release on parole rendered Petitioner's

Habeas Petition moot because the Petition only challenged the November 2005 parole revocation hearing and the resulting ten-month detention for the parole violation.

Respondent's motion to dismiss required the Magistrate Judge to determine whether the issues raised by the instant Habeas Petition present an actual "case or controversy." *Spencer,* 523 U.S. at 7 (1998). For an actual "case or controversy" to exist, the Petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Id*. (*quoting Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990)). In answering this question, the Magistrate Judge relied in part on *Spencer v. Kemna*, a case in which the Supreme Court held that, in order for a petitioner to challenge a parole revocation hearing after release from serving the parole revocation term, a petitioner must show that (1) he was incarcerated by reason of the parole revocation at the time that the petition was filed, and (2) he continues to experience some "collateral consequence" from the wrongful parole revocation. *Spencer*, 523 U.S. at 7-8. Unlike cases involving claims of wrongful criminal conviction, the *Spencer* Court refused to apply a presumption of collateral consequences in cases where a petitioner challenges parole revocation. Rather, the Court held that a petitioner must demonstrate that actual collateral consequences resulting from the unlawful parole revocation continue to exist after the petitioner has been released from custody. *Id*. at 14.

Petitioner contends that his Petition is not moot because he was only paroled, and not freed from his total term of imprisonment, on August 28, 2006. Petitioner contends that this fact renders *Spencer* inapplicable. However, after reviewing *Spencer*, the Court concludes the Magistrate Judge correctly found that *Spencer* does apply. Indeed, *Spencer* involved a factual scenario almost identical to the one at bar, and *Spencer* cannot be distinguished on the grounds that the parolee in *Spencer* had served his entire term of imprisonment for the underlying offense. In addition, though Petitioner claims that a "strained" relationship with his family and an inability to contact particular family members constitute collateral consequences, the Magistrate Judge correctly concluded that these consequences of imprisonment do not qualify as legally cognizable collateral consequences that defeat a mootness determination. Doc. # 44 at 3; *Spencer*, 523 U.S. at 14-16.

Petitioner also contends that his case falls within the "capable of repetition, yet evading

1  review" exception to the mootness doctrine.  However, the Supreme Court has consistently held
2  that this exception is applied in only "exceptional situations."  *Los Angeles v. Lyons*, 461 U.S. 95,
3  109 (1983)*; Spencer*, 523 U.S. at 17.  To invoke the exception, Petitioner must show that (1) the
4  challenged action is in its duration too short to be fully litigated prior to cessation or expiration,
5  and (2) there is a reasonable expectation that he will be subject to the same action again.  *Spencer*,
6  523 U.S. at 17; *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 481 (1990); *Fed. Election Comm'n*
7  *v. Wis. Right to Life,* 127 S. Ct. 2652, 2662 (2007).  Petitioner has not demonstrated that the time
8  between parole revocation and release from custody is always so short as to evade review, and the
9  Court concludes that *Spencer* specifically rejected the exception in a factual scenario almost
10 identical to the one here.

After reviewing de novo those portions of the Report and Recommendation to which Petitioner objected, the Court concludes that the Magistrate Judge correctly applied the law to the facts of this case, and correctly determined that Petitioner's Petition should be dismissed as moot.

### **CONCLUSION**

IT IS HEREBY ORDERED that (1) the Report and Recommendation (Doc. # 44) is adopted in its entirety, (2) the Respondent's Motion to Dismiss (Doc. # 34) is granted, and (3) Petitioner's Petition for Writ of Habeas Corpus (Doc. # 1) is dismissed as moot.  The Clerk of the Court shall enter judgment in favor of Respondent.

**IT IS SO ORDERED**.

DATED:  September 18, 2007

**WILLIAM Q. HAYES**
United States District Judge