# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHAN SPENCER,<br><br>   Petitioner,<br> vs.<br>R. WONG, Warden,<br><br>   Respondent. | CASE NO. 06cv1546 WQH (NLS)<br><br>ORDER |

HAYES, Judge:

The matters before the Court are the motion to reopen case pursuant to Rules 59 and 60(b) of the Federal Rules of Civil Procedure (Doc. 57) and the motion for access to court for discovery (Doc. 59) filed by Petitioner Nathan Spencer.

On July 31, 2006, Petitioner, a state prisoner proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the constitutionality of a November 2005 parole revocation hearing and his subsequent return to custody. (Doc. 1). On March 29, 2007, Respondent moved to dismiss the petition on the grounds that Petitioner had served his entire parole revocation term, rendering his challenge to the revocation hearing moot. (Doc. 34). The motion to dismiss was referred to the Magistrate Judge, who issued a Report and Recommendation on July 17, 2007. (Doc. 44). Respondent's motion to dismiss required the Magistrate Judge to determine whether Petitioner's subsequent release caused the petition to be moot because it no longer presented a case or controversy under Article III, § 2, of the Constitution. The Magistrate Judge relied in part on *Spencer v. Kemna*, a case in which the Supreme Court held that, in order for a petitioner to challenge

1  a parole revocation hearing after release from serving the parole revocation term, a petitioner must
2  show that he continues to experience some continuing "collateral consequence" from the wrongful
3  parole revocation. (Doc. 44 at 3) (citing *Spencer v. Kemna*, 523 U.S. 1, 7-8 (1998)). The Magistrate
4  Judge concluded that this Court could not provide the habeas relief sought by Petitioner because he
5  had not demonstrated the existence of any collateral consequence that would defeat a mootness
6  determination. (Doc. 44 at 3). The Magistrate Judge recommended that this Court grant Respondent's
7  motion and dismiss the habeas petition as moot. *Id*. at 4.

8  On August 9, 2007, Petitioner filed objections to the report and recommendation, contending
9  that his petition was not moot because (1) he was only paroled, and not released-outright on August
10 28, 2006, (2) he continued to suffer collateral consequences from the improper parole revocation, and
11 (3) his case fell within the "capable of repetition, yet evading review" exception to the mootness
12 doctrine. (Doc. 46). This Court reviewed the report and recommendation and each of Petitioner's
13 objections. On September 18, 2008, this Court stated by written order "that the Magistrate Judge
14 correctly applied the law to the facts of this case, and correctly determined that Petitioner's Petition
15 should be dismissed as moot." (Doc. 47 at 4). This Court adopted the R&R in its entirety and
16 dismissed Petitioner's habeas petition. The Clerk of Court entered judgment accordingly. (Doc. 48).

17 On August 1, 2008, Petitioner filed the motion to reopen case pursuant to Rules 59(e)[1] and
18 60(b) now before the Court. (Doc. 57). Petitioner asserts that he is entitled to relief because he is
19 suffering from blurry vision, spontaneous migraine headaches, and memory loss as a result of being
20 assaulted by prison staff while he was in custody after his parole was revoked. *Id*. at 2. Petitioner
21 contends that his failure to bring his injuries to the Court's attention was the result of "excusable
22 neglect or inadvertence." *Id*. at 4. Petitioner also contends that the parole department wrongfully
23 withheld "exculpatory evidence (revocation transcripts November 29, 2005) that would have cleared
24 petitioner from illegal restraint and petitioner would not have suffered an attack by staff during the
25 course of that parole violation." *Id*. at 3.

---

[1] "A motion for reconsideration is treated as a motion to alter or amend judgment under Federal Rule of Civil Procedure Rule 59(e) if it is filed within ten days of entry of judgment. Otherwise, it is treated as a Rule 60(b) motion for relief from a judgment or order." *American Ironworks & Erectors, v. North American Const. Corp*., 248 F.3d 892, 898-99 (9th Cir. 2001) (citation omitted). Petitioner's motion was not filed within ten days of entry of judgment in this case.

"Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005) (citing Fed. R. Civ. P. 60(b)). Under Rule 60(b)(1), the court may relieve a party from a final judgment, order, or proceeding for "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Rule 60(b)(2) provides for relief from judgment based upon "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." Fed. R. Civ. P. 60(b)(2). The moving party must show that "the evidence (1) existed at the time of the trial, (2) could not have been discovered through due diligence, and (3) was of such magnitude that production of it earlier would have been likely to change the disposition of the case." *Jones v. Aero/Chem Corp.*, 921 F.2d 875, 878 (9th Cir. 1990). Rule 60(b)(3) provides for relief in the instance of fraud, misrepresentation, or misconduct by an opposing party. Fed. R. Civ. P. 60(b)(3). "To prevail under Rule 60(b)(3), the moving party must establish that a judgment was obtained by fraud, misrepresentation, or misconduct, and that the conduct complained of prevented the moving party from fully and fairly presenting the case." *In re M/V Peacock*, 809 F.2d 1403, 1405 (9th Cir.1987) (citations omitted).

Under Rule 60(b)(1), "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute excusable neglect." *Harvest v. Castro*, 531 F.3d 737, 746 (9th Cir. 2008) (citing *Pioneer Invs. Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 392 (1993). Petitioner has not demonstrated that he is entitled to relief under the excusable neglect standard. Nor has Petitioner introduced any newly discovered evidence that is "of such magnitude that production of it earlier would have been likely to change the disposition of the case." *Jones*, 921 F.2d at 878. Finally, Petitioner has not established that dismissal of his habeas petition was obtained by fraud or misconduct by the parole department. The Court's determination that the habeas petition was moot would not be effected by the "exculpatory evidence" allegedly withheld by the parole department. The Court concludes that Petitioner has failed to establish that any of the circumstances articulated in Rule 60(b) are present in this case.

1  IT IS HEREBY ORDERED that Petitioner's motion to reopen his case (Doc. 57) pursuant to Rule 60(b) is DENIED. Petitioner's motion for access to court (Doc. 59) of such magnitude that production of it earlier would have been likely to change the disposition of the case for discovery is DENIED as moot.

DATED: January 8, 2009

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge